UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW CATE,<br><br>　　　　Respondent. | No. 2:14-cv-01713-JAM-GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's October 17, 2014, motion to dismiss on the grounds that petitioner's claims are barred by the statute of limitations and are not cognizable in federal habeas corpus. Petitioner has filed an opposition based on statutory and equitable tolling. The court now issues the following findings and recommendations that respondent's motion to dismiss be granted.[1]

///

///

---

[1] Because the motion should be granted on the ground of untimeliness, the undersigned does not address respondent's second argument that petitioner's claims are based on violations of state law and thus do not sound in federal habeas corpus.

1

DISCUSSION

    Petitioner challenges an administrative decision not to refer his case to the superior court for recall of sentence and raises various complaints about mistreatment by prison staff. (Ex. 4 at 2.) After being denied on the third level of administrative review, petitioner filed three state habeas petitions. His first petition, filed in the Sacramento County Superior Court on August 31, 2012, was denied on October 23, 2012. (Ex. 1 at 1; Ex. 4 at 2.) The second petition, filed in the Third District Court of Appeal on March 28, 2013 (Ex. 5 at 1), was denied on April 15, 2013. (Ex. 7 at 2.) The third and final state court habeas petition, filed in the California Supreme Court on May 3, 2013 (Ex. 8 at 1), was denied on July 17, 2013. (Ex. 12 at 2.) Petitioner filed his federal habeas petition on July 21, 2014. ECF No. 1.

    The AEDPA one-year statute of limitations "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted); see also Redd v. McGrath, 343 F.3d 1077, 1080–83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on parole board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the statute of limitations begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081–83. Under § 2244(d)(1)(D), the limitations period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

    The third level of administrative review denied petitioner's administrative appeal on January 19, 2012. (Ex. 2 at 1.) The date upon which petitioner was notified that his administrative appeal was denied is unclear. Petitioner represents he did not receive the administrative appeal decision until April 23, 2012. ECF No. 18 at 4. In support of that assertion, he attaches an unauthenticated email dated April 15, 2012 from the former Litigation Coordinator at California State Prison, Sacramento to all California Department of Corrections and Rehabilitation Litigation Coordinators indicating that CSP-Sacramento had issues with delivering mail to inmates that were previously held at CSP-Sacramento. ECF No. 18, at 31.

1  Petitioner appears to contend that the administrative appeal decision was part of the "large
2  amount of Legal Mail" that was not processed by the prison.  See ECF No. 18, at 31.
3      Even if the undersigned were to accept April 24, 2012 as the date upon which the
4  limitations period began, the limitations period would have expired one year later on April 24,
5  2013.  Cf. Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received
6  notice of denial of appeal); Redd, 343 F.3d at 1082 (same).  Petitioner did not file his federal
7  habeas petition until July 21, 2014—over 15 months after the statute of limitations had expired.
8  Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is
9  entitled to the benefit of tolling.
10     Tolling
11     By the time his first state habeas petition was filed on August 31, 2012, petitioner had
12 used 130 days of his 365-day AEDPA limitations period.[2]  369 days more days passed between
13 the denial of petitioner's final state habeas petition and the filing of his federal petition.  Petitioner
14 represents that he filed his first state habeas petition on August 7, 2012, his second state petition
15 on March 26, 2013, his third state petition on April 29, 2013, and his federal petition on July 10,
16 2014, invoking the mailbox rule.  ECF No. 18 at 5, 7–8.  Even if given the benefit of the mailbox
17 rule, the petition was still untimely, as the mailbox rule only saves petitioner 41 days.  Even
18 assuming that petitioner would receive gap tolling starting from the filing of the first petition
19 (problematic because of the lengthy delay in filing the second state habeas petition), this tolling
20 would not alleviate the untimeliness caused by the initial delay in filing the first petition, and the
21 delay in filing his federal petition.  Accordingly, the timeliness of petitioner's federal petition
22 depends upon whether or not he is entitled to equitable tolling.
23     As to equitable tolling, petitioner asserts he was deprived of legal stationery for 97 days,
24 denied access to the law library for a total of 96 days (December 12, 2012 through March 17,
25 2013), deprived possession of legal property for 28 days (December 12, 2012 through January 8,
26 2013), and his legal manila envelopes were discarded during a storage reinventory.  He also

---

[2] This calculation uses April 24, 2012 as the date upon which the statute of limitations began to run.

represents that he was transferred from Corcoran to Salinas on December 11, 2012.  However, none of these circumstances justify the 130-day gap between the date his administrative appeal was denied (April 24, 2012) and the filing of his first state habeas petition (August 7, 2012) or the 369-day gap between the date his state petition to the California Supreme Court was denied (July 17, 2013) and the filing of his federal petition (July 21, 2014).  As such, even if the undersigned were to find that petitioner was entitled to equitable tolling for the periods petitioner designates, petitioner's federal petition would still be untimely.

CONCLUSION

Petitioner's federal petition was untimely notwithstanding his various arguments for statutory and equitable tolling and for application of the mailbox rule.

Accordingly, IT IS HEREBY RECCOMENDED

1. Respondent's motion to dismiss the petition as untimely, filed on October 17, 2014 (ECF No. 15), be granted;

2. This action be dismissed with prejudice;

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:016/drak1713.mtd

4